UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| JOSHUA WILLIAM MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-2744-CDP |
| ) | |
| RYAN BROOK, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before me on the motion of plaintiff Joshua William Mitchell, an inmate at the South Central Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. I have reviewed the motion and the financial information submitted in support, and I will grant the motion and assess an initial partial filing fee of $22.59. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, I will direct the Clerk of Court to effect service of process upon the defendant in his individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified account statement showing an average monthly deposit of $34.11, and an average monthly balance of $112.93. I will therefore assess an initial partial filing fee of $22.59, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not

alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Ryan Brook, a corrections officer at the Potosi Correctional Center ("PCC"). Plaintiff's allegations stem from an event that occurred while he was incarcerated there. Plaintiff states that he sues Brook in both an official and individual capacity, and he seeks monetary damages in the amount of $185,000.

Plaintiff alleges that, while his hands were cuffed behind his back, Brook dragged him by his elbow for 20 yards, choked him, and repeatedly struck his face with a closed fist. I conclude that, for purposes of initial review, these allegations state a claim against Brook in his individual capacity. I will therefore direct the Clerk of Court to effect service of process upon Brook in his individual capacity. However, plaintiff's official capacity claims against Brook will be dismissed. Naming Brook in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the Missouri Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*

Plaintiff also alleges that "the staff" at PCC "refuses to provide the names" of officers who responded to the incident, and that "other officers" refused to stop "the ones using unnecessary excessive use of force." (Docket No. 1 at 5). In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir.

3

1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has referred to defendants who are both unidentified and indeterminate in number. This is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). In addition, it is insufficient to say that "the staff" or "other officers" acted badly and caused harm. Instead, the complaint must state how each individual defendant contributed to the constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Therefore, to the extent plaintiff can be understood to attempt to name fictitious parties as defendants, the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $22.59. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause

process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Office of the Missouri Attorney General, as to defendant Ryan Brook in his individual capacity.

**IT IS FURTHER ORDERED** that, in his individual capacity, defendant Ryan Brook shall reply to the complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendant Ryan Brook are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 16th day of January, 2018.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE